Herbert, J.
It has frequently been observed that the statutes relating to estates of decedents treat surviving spouses *511 as favored persons. In approaching the problem here, it is helpful to examine certain pertinent sections.
Section 2115.01, Revised Code, defines “inventory” to include appraisement, so that where such a document contains both, reference to the single word is sufficient.
Section 2113.38, Revised Code, giving the surviving spouse the right to purchase the mansion house, provides, in part:
“* * * The application or petition provided for in this section shall be filed any time within one month after the approval of the inventory required by Section 2115.02 of the Revised Code. Failure to file such application or petition within such time nullifies the election with respect to the property required to be included therein and such property, whether real or personal, shall thereafter be free of the right granted in this section. ’ ’
It is undisputed that the appellant widow did not file her petition to purchase the half of the mansion house belonging to decedent, within the month after the entry of June 1 approving and confirming the inventory. Nor were any exceptions to the inventory filed by either the widow or her daughter, Bernice Kossuth, under the provisions of Section 2115.16, Revised Code, permitting the filing of exceptions by “any person interested in the estate or any of the property included in the inventory.” However, on August 22, the motion to vacate and set aside was filed by the widow. As to the only two particulars set forth therein, it states:
“This movant further says that said inventory and appraisement is faulty and incorrect in that there appears therein under schedule A, Personal Property, the following items listed under the heading of furniture and furnishings: carpeting, lamps, Bendix automatic washer, Bendix automatic dryer, television set and refrigerator; with the notation, ‘Ownership of which items is claimed by Bernice Kossuth, stepdaughter of decedent’; and that the aforesaid items are in fact the property of said Bernice Kossuth and have never been the property of the decedent or his estate.
“This movant further says that the widow’s year’s allowance set up in said inventory and appraisement awards the sum of seven hundred twenty dollars ($720) to said widow; that *512 such amount is grossly and unconscionably insufficient for the daily living needs of said widow * * *.
“Wherefore, Elizabeth Hrabnicky respectfully moves this court to vacate and set aside the journal entry approving said inventory and appraisement, that the aforesaid chattels belonging to Bernice Kossuth be deleted from said inventory and that the widow’s year’s allowance be recomputed by this court in a just and equitable manner in the premises.”
This is the motion which the Probate Court had before it when it took testimony on October 20 and later made its entry of November 4, 1955, supra.
The power of the Probate Court to vacate or modify its judgments is conferred by Section 2101.33, Revised Code, which provides:
“The Probate Court has the same power as the Court of Common Pleas to vacate or modify its orders or judgments.
“The Probate Court, in estimating time for the purpose of vacating or modifying its orders or judgments, will be considered as holding in each year three terms of four months each, commencing on the first law days in January, May, and September, and ending on the last law days of April, August, and December, respectively. ’ ’
In 23 Ohio Jurisprudence, 1216, Section 1121, it is stated:
“With the exception of the remedy provided for a new trial, the Legislature of Ohio has failed to provide for vacation or modification of judgments during the term. In this absence of legislative enactment, the common-law rule must apply, for it would be a strange anomaly, indeed, that a court given the power to vacate its judgments after the term should have no power to vacate a judgment within or at the same term. It is a general rule that courts of record or of general jurisdiction, such as the Court of Common Pleas, possess the inherent power of. controlling their own judgments, and of correcting, modifying, or vacating such judgments during the term at which they were rendered. This is an inherent power, which in no way is regulated or abridged by statute in Ohio. ’ ’
It is quite apparent from the record that the widow’s motion to vacate was filed within term, and its timeliness is not disputed.
*513 The actual issue before us, therefore, becomes one not so much of law as one of fact, not whether the Probate Court had the power to vacate its order of June 1 — or even whether it intended to vacate it — but whether it actually did so vacate such previous entry by its order of November 4. Apparently, the question is novel, as we can find no authoritative decisions relating to it.
As noted above, the motion to vacate is directed at only two items, the year’s allowance and the household goods. With reference to the year’s allowance, Section 2117.22, Revised Code, provides:
“On the petition of an interested person, the Probate Court may review the allowance made to the widow or children as provided by Section 2117.20 of the Revised Code, increase or diminish it, and make such order in the premises as it deems right. ’ ’
In view of this provision, the widow’s motion to vacate, so far as it is directed to the amount of her year’s allowance, was not in order.
Coming then to the item of household goods, we note that there was set off and allowed to the widow the 20 per cent authorized under the provisions of Section 2115.13, Revised Code. This 20 per cent allowance included the $500 worth of furnishings and furniture deleted by the order of November.
Section 2115.14, Revised Code, provides:
“The appraisers of a decedent’s estate shall not include in the inventory required by Section 2115.02 of the Revised Code the provisions, property, or money set off and allowed by them to the widow or children, but these must be stated in a separate schedule and returned with the inventory to the Probate Court by the executor or administrator.”
The deletion, therefore, relates to an item not included in the inventory but stated in a separate schedule and returned therewith. Admittedly, the deletion required a redetermination of the 20 per cent allowance which accounts for the net adjustments contained in the November 4 order, but otherwise the inventory was unchanged.
This brings us, therefore, to the real estate as being the only item in the inventory required by the provisions of Section *514 2115.02, Revised Code. Neither this item nor its appraisement was under attack in the widow’s motion to vacate.
Section 2115.17, Revised Code, provides:
“When the inventory required by Section 2115.02 of the Revised Code has been approved by the Probate Court, the appraisement of the real estate as set forth therein shall be conclusive for all purposes except inheritance tax, unless a reappraisal is ordered by the court.”
There was no reference to this item in the order of November 4, nor was a reappraisal ordered.
In the light of the various applicable sections discussed herein, and in view of the language used by the Probate Court in its entry of November 4, 1955, did that order of modification constitute a vacation of its previous order of approval so as to reinstate in the surviving spouse the right of election to purchase the mansion house for one month beyond that date? We do not think so, and for the reasons stated herein the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Zimmerman, Stewart, Taet and Bell, JJ., concur.